1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,
                                              Case No.  13-cr-00717-JST-1
             Plaintiff,

8
        v.
                                              **ORDER GRANTING IN PART AND**
9                                             **DENYING IN PART DEFENDANT'S**
     DAVID CONERLY,                           **REQUEST FOR THE ISSUANCE OF**
10                                            **SUBPOENAS DUCES TECUM**
             Defendant.
11                                            Re: Dkt. No. 75

12

13          On October 8, 2014, Defendant David Conerly filed a Motion for the Issuance of a

14   Subpoena Duces Tecum to the Berkeley Police Department ("BPD").  ECF No. 75.  Conerly

15   requested that a subpoena issue requiring the BPD to produce three categories of information:

16   (1) "statistics and other evidence regarding the number of arrests in the last year by Berkeley Police

17   Department officers in the six-block radius surrounding the intersection of Oregon Street and Park

18   Street in Berkeley"; (2) BPD's file concerning Conerly's arrest in Case No. 2013-00010403; and

19   (3) "any evidence regarding the Berkeley Police Department's policy and/or training materials on

20   street contact and pursuit of suspects."  The United States opposes the request.

21          In order for the Court to issue a subpoena pursuant to Federal Rule of Criminal Procedure

22   17(c), the moving party must demonstrate that:  "(1) that the documents are evidentiary and

23   relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of

24   due diligence; (3) that the party cannot properly prepare for trial without such production and

25   inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably

26   to delay the trial; and (4) that the application is made in good faith and is not intended as a general

27   'fishing expedition.'"  United States v. Nixon, 418 U.S. 683, 699-700 (1974) (footnote omitted).

28          At the hearing on Conerly's motion held October 15, 2014, the Court ruled on the second two

1    categories.  Regarding the second request, the United States represented that it had already obtained

2    and produced all of the material from BPD's arrest file.  The Court ordered that the Government

3    confirm this representation to the Defendant by October 17, 2014, and a subpoena could issue only if

4    confirmation was not forthcoming.  The Court denied the third request from the bench on the ground

5    that Conerly had not met his burden of demonstrating that BPD's policies and training materials were

6    evidentiary and relevant.  Id.

7         As to the first category of information, the Court asked the parties to submit supplemental

8    briefing on the question of whether a Rule 17(c) subpoena could issue in connection with a motion to

9    suppress, rather than a trial.  The Court's order was based on the test set forth in Nixon, which requires

10   that a defendant show "the [subpoenaing] party cannot properly prepare *for trial* without such

11   production and inspection in advance *of trial* and that the failure to obtain such inspection may

12   tend unreasonably to delay *the trial*.  Id.  Counsel submitted their supplemental briefs on October

13   16, 2014.

14        A review of the supplemental authority submitted by counsel and located by the Court

15   shows that federal courts have frequently issued subpoenas in connection with pre-trial motions to

16   suppress.  See United States v. Wheeler, 2:13-CR-00084-APG, 2013 WL 5781731 (D. Nev. Oct.

17   25, 2013) (authorizing issuance of Rule 17(c) subpoenas in connection with a motion to suppress);

18   United States v. Van Blericom, CR 93-165-FR, 1993 WL 414637 (D. Or. Oct. 8, 1993) (same);

19   United States v. Neal, No. 11-CR-00163-WJM, 2011 WL 3648381 (D. Colo. Aug. 18, 2011)

20   (same).  Even in those cases where a district court has denied the issuance of a subpoena, it was

21   because the defendant failed to demonstrate the relevance of the subpoenaed material, and not

22   because the subpoena was to be issued in connection with a pre-trial motion.  See, e.g., United

23   States v. Jensen, CR. 08-50031-RHB, 2010 WL 428965 (D.S.D. Feb. 4, 2010).  As have other

24   courts, this Court now concludes that a Rule 17(c) subpoena can issue in connection with a motion

25   to suppress.

26        The Court also finds that the requested materials are relevant and evidentiary.  Defendant

27   Conerly asserts without contradiction that the Government will argue that police officers had

28   reasonable suspicion to detain Conerly because they observed him fleeing in a high-crime area.

United States District Court
Northern District of California

2

1   ECF No. 75 at 3; <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124 (2000) (flight in a high-crime area can be

2   basis for reasonable suspicion).  In order to justify this assertion, the Government will need to

3   provide evidence that the area where Conerly was detained was, in fact, a high-crime area;

4   Conerly will attempt to show that it was not.  If the Berkeley Police Department is in possession of

5   statistical or other information that would shed light on that inquiry, Conerly is entitled to have it.

6        Accordingly, good cause appearing, the Court now GRANTS IN PART AND DENIES IN

7   PART Conerly's motion for a Rule 17(c) subpoena.  A subpoena duces tecum may issue to the

8   Berkeley Police Department for "statistics and other evidence regarding the number of arrests in the

9   last year by Berkeley Police Department officers in the six-block radius surrounding the intersection of

10   Oregon Street and Park Street in Berkeley."  The Berkeley Police Department shall be directed to

11   provide materials responsive to the subpoena directly to counsel for the parties without lodging

12   them with the Court.[1]  Conerly's remaining requests are denied.

13   **IT IS SO ORDERED.**

14   Dated:  October 21, 2014

15   _____
       JON S. TIGAR
16       United States District Judge

17

18

19

20

21

22

23

24

25

26

27   [1] The Government requests that the Court order Conerly to notify the BPD that it does not have to
     produce the requested documents.  ECF No. 82 at 1-2.  The Government cites General Order 69,
28   which relates to the production of police personnel records.  Police personnel records are not at
     issue in this motion, and the Government's request is therefore denied.

3